NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KHRISTEN MCAFEE, *Petitioner/Appellant*,

*v.*

LISA STROTHERS, *Respondent/Appellee*.

No. 1 CA-CV 25-0961 FC

FILED 07-22-2026

Appeal from the Superior Court in Maricopa County
No.  FC2019-000720
The Honorable Paula A. Williams, Judge

**AFFIRMED**

COUNSEL

Khristen McAfee, Phoenix
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew J. Becke and Judge Samuel A. Thumma joined.

---

**M O R S E**, Judge:

**¶1**　　　　Khristen McAfee ("Father") appeals the superior court's order requiring him to pay child support arrears to Lisa Strothers ("Mother"). Father argues the superior court lacked subject-matter jurisdiction.　We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Father and Mother share a minor daughter ("Child").　In January 2019, Father filed a petition to establish legal decision-making and parenting time in the Maricopa County Superior Court.　Father alleged in the petition that the only prior child-custody case had been filed in Arizona but dismissed for lack of jurisdiction.　He also alleged that Mother and Child had lived in Arizona for the three months before he filed the petition. Father requested joint legal decision-making and reasonable parenting time.　Mother's response argued she should receive sole legal decision-making and child support.　She asserted that Child had lived in Arizona for more than six months.

**¶3**　　　　In 2019, after a hearing, the superior court issued an order recognizing Father's paternity, granting Mother sole legal decision-making, establishing a parenting-time schedule, and requiring Father to pay $699 per month in child support. The superior court determined that it had jurisdiction because "Arizona was the child's home state on the date the petition was filed or was the child's home state within six months before filing and the child is absent from this state but a parent or person acting as a parent continues to live in this state."　The order contained the requisite Arizona Rule of Family Law Procedure ("Rule") 78(c) finality language and neither parent filed a timely appeal from that order.

**¶4**　　　　In April 2020, Mother filed a petition to modify parenting time. Mother alleged Father took Child out of Arizona without prior notice and endangered Child by traveling with her during the COVID-19 pandemic.　After a hearing, the superior court issued an order modifying

2

parenting time to a long-distance schedule because Father moved to Illinois. The superior court's order addressed jurisdiction, finding Arizona was Child's home state. The superior court's modification order was later incorporated into another appealable order with Rule 78(c) language in October 2020. Neither parent timely appealed that order.

¶5            In April 2022, Father filed a petition to modify legal decision-making, parenting time, and child support, arguing that Mother did not allow him to have enough parenting time. Mother filed her own petitions to modify legal decision-making, parenting time, and child support in June 2022 and October 2022. The superior court held an evidentiary hearing on the petitions to modify in January 2023. After the hearing, Mother filed another petition to modify, and the superior court held another hearing. In March 2023, the superior court issued an order resolving all the petitions by granting Mother sole legal decision-making, establishing a parenting-time schedule, and adjusting Father's child-support payments to $340 per month. In doing so, the superior court found it had continuing jurisdiction under A.R.S. § 25-1032. That order contained Rule 78(c) finality language and neither party filed a timely appeal.

¶6            In October 2024, Father filed a petition to modify parenting time. In July 2025, the superior court held an evidentiary hearing on the petition and issued an order determining that it had jurisdiction and granting Mother sole legal decision-making, establishing a new parenting-time plan, and adjusting Father's child-support payments to $447 per month. The superior court noted it still needed to address child-support arrearages but issued a Rule 78(b) judgment for the issues addressed in the order.

¶7            The superior court later held a hearing on child-support arrears. At that hearing, Father challenged the superior court's subject-matter jurisdiction. The superior court found it had jurisdiction. The superior court ordered Father to pay child-support arrears of $36,053 and $11,462.27 in interest in $150 monthly payments. Father filed a notice of appeal from the ruling. We have jurisdiction under ARCAP 9(c), A.R.S. §§ 12-120.21(A), and -2101(A)(2).

## DISCUSSION

¶8            Father argues the superior court lacked subject-matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *See* A.R.S. §§ 25-1001–1067. Mother did not file an answering brief. If appellant raises a debatable issue, an appellee's

failure to respond is generally treated as a confession of reversible error, *see Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014), unless the case involves a child's best interests, *see Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003); *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966).

**¶9** Father's opening brief contains no citations to the record and, thus, fails to comply with ARCAP 13. Additionally, Father did not provide a transcript for the hearing where he orally raised the subject-matter jurisdiction issue. *See* ARCAP 11(c). The superior court found it had jurisdiction over the proceedings. Without a transcript, we do not know the basis for that determination. But we assume the transcript would support the superior court's ruling. *McGlothlin v. Astrowsky*, 255 Ariz. 449, 460, ¶ 35 (App. 2023). Father later filed written motions challenging jurisdiction, but the superior court had not ruled on them when Father filed his notice of appeal, and we lack jurisdiction to consider those later rulings. *See Sycamore Hills Ests. Homeowners Ass'n, Inc. v. Zablotny*, 250 Ariz. 479, 485–86, ¶ 25 (App. 2021). Based on the inadequate record provided by Father, we must conclude the superior court did not err in determining it possessed subject-matter jurisdiction over the proceedings.

**¶10** We have an independent responsibility to ensure that we have jurisdiction. *Angel B. v. Vanessa J.*, 234 Ariz. 69, 71, ¶ 5 (App. 2014). We review the existence of subject-matter jurisdiction de novo. *Lay v. Nelson*, 246 Ariz. 173, 175, ¶ 8 (App. 2019). As applicable here, under the UCCJEA, an Arizona court has jurisdiction to make an initial child custody determination if this state is the child's home state. A.R.S. § 25-1031(A)(1). A child's home state is "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding, including any period during which that person is temporarily absent from that state." A.R.S. § 25-1002(7)(a). Once a court has made an initial child custody determination, that court retains exclusive, continuing jurisdiction over the matter until that court dismisses the matter, or determines the parents and child no longer reside in the state, or the court determines that the child and one parent no longer have "a significant connection" to the state. A.R.S. § 25-1032.

**¶11** Having reviewed the record on appeal, *see* ARCAP 11(a)(1), nothing demonstrates the superior court lacked subject-matter jurisdiction here. In its initial order, the superior court found it possessed subject-matter jurisdiction. In all subsequent orders, the superior court has continued to make jurisdictional findings, and at each stage ruled it continued to possess jurisdiction. Father could have challenged any of

these prior rulings on jurisdiction, but he did not. Child had lived in Arizona at least six months before the filing of the initial petition, and there is no evidence in the record that another state has exclusive, continuing jurisdiction over a custody determination involving Child. Although the Arizona superior court previously dismissed a petition involving Child for lack of jurisdiction, any jurisdictional shortcomings were cured when the six-month residency requirements were met. And lack of jurisdiction over that original petition does not establish a lack of jurisdiction over the petitions in the record here. Father has not shown that the superior court lacked subject-matter jurisdiction under the UCCJEA when it issued the rulings at issue in this appeal.

## CONCLUSION

¶**12**        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR